## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **Ander T Bishop** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Megan R Bishop** | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| Case number | **19-41723** | | |
| (If known) | | | |

☑ Check if this is an amended plan.

## <u>Chapter 13 Plan and Motion</u>

[Pursuant to Fed. R. Bankr. P. 3015.1, the Southern District of Georgia General Order 2017-3 adopts this form in lieu of the Official Form 113].

1.  **Notices. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as not being contained in the plan or if neither or both boxes are checked, the provision will be ineffective if set out in the plan.**

    (a)   This plan:
    - ☐ contains nonstandard provisions.  See paragraph 15 below.
    - ☑ does not contain nonstandard provisions.

    (b)   This plan:
    - ☑ values the claim(s) that secures collateral. See paragraph 4(f) below.
    - ☐ does not value claim(s) that secures collateral.

    (c)   This plan:
    - ☑ seeks to avoid a lien or security interest. See paragraph 8 below.
    - ☐ does not seek to avoid a lien or security interest.

2.  **Plan Payments.**

    (a)   The Debtor(s) shall pay to the Chapter 13 Trustee (the "Trustee") the sum of $ **575.00** for the applicable commitment period of:

    - ☐ 60 months: **or**

    - ☑ a minimum of 36 months. See 11 U.S.C. § 1325(b)(4).

    (If applicable include the following: These plan payments will change to $_____ monthly on _____.)

    (b)   The payments under paragraph 2(a) shall be paid:

    - ☑ Pursuant to a Notice to Commence Wage Withholding, the Debtor(s) request(s) that the Trustee serve such Notice(s) upon the Debtor's(s') employer(s) as soon as practicable after the filing of this plan. Such Notice(s) shall direct the Debtor's(s') employer(s) to withhold and remit to the Trustee a dollar amount that corresponds to the following percentages of the monthly plan payment:

        ☑ Debtor 1 **100** % ☐ Debtor 2 _____ %

    - ☐ Direct to the Trustee for the following reason(s):
        - ☐ The Debtor(s) receive(s) income solely from self-employment, Social Security, government assistance, or retirement.
        - ☐ The Debtor(s) assert(s) that wage withholding is not feasible for the following reason(s): _____

    (c)   Additional Payments of $**0.00** (estimated amount) will be made on ___,___ (anticipated date) from  (source, including income tax refunds).

3.  **Long-Term Debt Payments.**

    (a) **Maintenance of Current Installment Payments.** The Debtor(s) will make monthly payments in the manner specified as follows on the following long-term debts pursuant to 11 U.S.C. § 1322(b)(5). These postpetition payments will be disbursed by either the Trustee or directly by the Debtor(s), as specified below. Postpetition payments are to be applied to postpetition amounts owed for principal, interest, authorized postpetition late charges and escrow, if applicable. Conduit payments that are to be made by the Trustee which

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

| Debtor | **Ander T Bishop** | | Case number | |
| | **Megan R Bishop** | | | |

become due after the filing of the petition but before the month of the first payment designated here will be added to the prepetition arrearage claim.

| CREDITOR | COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | PAYMENTS TO MADE BY (TRUSTEE OR DEBTOR(S)) | MONTH OF FIRST POSTPETITION PAYMENT TO CREDITOR | INITIAL MONTHLY PAYMENT |
|---|---|---|---|---|---|
| **-Performance Finance** | **2012 Victory motorcycle** | **no** | **cosigner in possession** | | |

(b) **Cure of Arrearage on Long-Term Debt.** Pursuant to 11 U.S.C. § 1322(b)(5), prepetition arrearage claims will be paid in full through disbursements by the Trustee, with interest (if any) at the rate stated below. Prepetition arrearage payments are to be applied to prepetition amounts owed as evidenced by the allowed claim.

| CREDITOR | DESCRIPTION OF COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | ESTIMATED AMOUNT OF ARREARAGE | INTEREST RATE ON ARREARAGE (if applicable) |
|---|---|---|---|---|
| **-NONE-** | | | | |

4.      **Treatment of Claims.** From the payments received, the Trustee shall make disbursements as follows unless designated otherwise:

(a)      **Trustee's Fees.** The Trustee percentage fee as set by the United States Trustee.

(b)      **Attorney's Fees.** Attorney's fees allowed pursuant to 11 U.S.C. § 507(a)(2) of $ **4,500.00**.

(c)      **Priority Claims.** Other 11 U.S.C. § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.

(d)      **Fully Secured Allowed Claims.** All allowed claims that are fully secured shall be paid through the plan as set forth below.

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| **-NONE-** | | | | |

(e)      **Secured Claims Excluded from 11 U.S.C. § 506 (those claims subject to the hanging paragraph of 11 U.S.C. § 1325(a)).** The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the plan with interest at the rate stated below:

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| **U.S. Auto Finance** | **2018 Toyota Rav-4** | **$20,384.00** | **6.25%** | **$300/mo x 18 mos** **$475/mo x 42 mos** |

(f)      **Valuation of Secured Claims to Which 11 U.S.C. § 506 is Applicable.** The Debtor(s) move(s) to value the claims partially secured by collateral pursuant to 11 U.S.C. § 506 and provide payment in satisfaction of those claims as set forth below. The unsecured portion of any bifurcated claims set forth below will be paid pursuant to paragraph 4(h) below. The plan shall be served on all affected creditors in compliance with Fed. R. Bankr. P. 3012(b), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | DESCRIPTION OF COLLATERAL | VALUATION OF SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| **Badcock** | **Furniture** | **$1000.00** | **6.25%** | **$25.00** |

(g)      **Special Treatment of Unsecured Claims.** The following unsecured allowed claims are classified to be paid at 100%

☐ with interest at _____% per annum; **or** ☐ without interest:

**None**

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                                                 Best Case Bankruptcy

| Debtor | **Ander T Bishop** | Case number |
| | **Megan R Bishop** | |

(h)` **General Unsecured Claims.** Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in paragraph 4(f) or paragraph 9 of this plan, will be paid a **00**% dividend or a pro rata share of $ **500.00**, whichever is greater.

5. **Executory Contracts.**
   (a) **Maintenance of Current Installment Payments or Rejection of Executory Contract(s) and/or Unexpired Lease(s).**

| CREDITOR | DESCRIPTION OF PROPERTY/SERVICES AND CONTRACT | ASSUMED/REJECTED | MONTHLY PAYMENT | DISBURSED BY TRUSTEE OR DEBTORS |
|---|---|---|---|---|
| **Lynda Hawk** | **residential contract** | **assumed** | **$2000.00** | **Debtors** |

(b) **Treatment of Arrearages.** Prepetition arrearage claims will be paid in full through disbursements by the Trustee.

| CREDITOR | ESTIMATED ARREARAGE |
|---|---|
| **-NONE-** | |

6. **Adequate Protection Payments.** The Debtor(s) will make pre-confirmation lease and adequate protection payments pursuant to 11 U.S.C. § 1326(a)(1) on allowed claims of the following creditors: ☐ Direct to the Creditor; or ☑ To the Trustee

| CREDITOR | ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT |
|---|---|
| **U.S. Auto Finance** | **$300.00** |

7. **Domestic Support Obligations.** The Debtor(s) will pay all postpetition domestic support obligations direct to the holder of such claim identified here. See 11 U.S.C. § 101(14A). The Trustee will provide the statutory notice under 11 U.S.C. § 1302(d) to the following claimant(s):

| CLAIMANT | ADDRESS |
|---|---|
| **-NONE-** | |

8. **Lien Avoidance.** Pursuant to 11 U.S.C. § 522(f), the Debtor(s) move(s) to avoid the lien(s) or security interest(s) of the following creditor(s), upon confirmation but subject to 11 U.S.C. § 349, with respect to the property described below. The plan shall be served on all affected creditor(s) in compliance with Fed. R. Bankr. P. 4003(d), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | LIEN IDENTIFICATION (if known) | PROPERTY |
|---|---|---|
| **Army & Air Force Exchange Services** | | **Judgment** |
| **Advance Group, Inc/Rapid Cash** | | **Judgment** |

9. **Surrender of Collateral.** The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below upon confirmation of the plan. The Debtor(s) request(s) that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects. Any allowed deficiency balance resulting from a creditor's disposition of the collateral will be treated as an unsecured claim in paragraph 4(h) of this plan if the creditor amends its previously-filed, timely claim within 180 days from entry of the order confirming this plan or by such additional time as the creditor may be granted upon motion filed within that 180-day period.

| CREDITOR | DESCRIPTION OF COLLATERAL | AMOUNT OF CLAIM SATISFIED |
|---|---|---|
| **-NONE-** | | |

10. **Retention of Liens.** Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by 11 U.S.C § 1325(a)(5).

11. **Amounts of Claims and Claim Objections.** The amount, and secured or unsecured status, of claims disclosed in this plan are based upon the best estimate and belief of the Debtor(s). An allowed proof of claim will supersede those estimated claims. In accordance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure objections to claims may be filed before or after confirmation.

12. **Payment Increases.** The Debtor(s) will increase payments in the amount necessary to fund allowed claims as this plan proposes, after notice from the Trustee and a hearing if necessary, unless a plan modification is approved.

13. **Federal Rule of Bankruptcy Procedure 3002.1.** The Trustee shall not pay any fees, expenses, or charges disclosed by a creditor pursuant to Fed. R. Bankr. P. 3002.1(c) unless the Debtor's(s') plan is modified after the filing of the notice to provide for payment of such fees, expenses, or charges.

GASB - Form 113 December 1, 2017

Debtor      **Ander T Bishop**          Case number
            **Megan R Bishop**

14.    **Service of Plan.** Pursuant to Fed. R. Bankr. P. 3015(d) and General Order 2017-3, the Debtor(s) shall serve the Chapter 13 plan on the Trustee and all creditors when the plan is filed with the court, and file a certificate of service accordingly. If the Debtor(s) seek(s) to limit the amount of a secured claim based on valuation of collateral (paragraph 4(f) above), seek(s) to avoid a security interest or lien (paragraph 8 above), or seek(s) to initiate a contested matter, the Debtor(s) must serve the plan on the affected creditors pursuant to Fed. R. Bankr. P. 7004. See Fed. R. Bankr. P. 3012(b), 4003(d), and 9014.

15.    **Nonstandard Provisions.** Under Fed. R. Bankr. P. 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise in this local plan form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.


**By signing below, I certify the foregoing plan contains no nonstandard provisions other than those set out in paragraph 15.**

Dated:    **February 11,  2020**                    **/s/ Ander T Bishop**
                                                    **Ander T Bishop**
                                                                            *Debtor 1*

                                                    **/s/ Megan R Bishop**
                                                    **Megan R Bishop**
                                                                            *Debtor 2*

                                                    **/s/ Judson C. Hill**
                                                    **Judson C. Hill 354277**
                                                                            *Attorney for the Debtor(s)*

GASB - Form 113 December 1, 2017

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF GEORGIA

| IN RE: | Chapter 13 |
|---|---|
| Ander T. Bishop<br>Megan R. Bishop<br>　　　　Debtors | Case No.:  19-41723-EJC |

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the **Amended Chapter 13 Plan** on the following address by First Class Mail, placing the same in the United States Mail with proper postage affixed thereon:

- (see attached mailing matrix)

I hereby certify that I have served a copy of the **Amended Chapter 13 Plan** on the following corporations, partnerships, or other unincorporated associations addressed to an Agent or Officer by First Class Mail, with proper postage affixed thereon to the following address:

- Army & Air Force Exchange Service, Attn:  Officer/Legal, Attn:  FA-T/C, P. O. Box 650038, Dallas, TX  75265-0038.
- Army & Air Force Exchange, Attn:  Officer/Legal, P. O. Box 650410, Dallas, TX 75265.
- Army & Air Force Exchange, Attn:  Officer/Legal, 3911 S. Walton Walker Blvd., Dallas, TX  75236-1509.
- Transworld Systems, Inc., Attn:  Officer/Legal, 1105 Schrock Road, Suite 300, Columbus, OH  43229.
- Transworld Systems, Inc., Attn:  Officer/Legal, 150 N. Field Drive, Suite 200, Lake Forest, IL  60045.
- Transworld Systems, Inc., c/o CT Corporation System, Registered Agent, 289 S. Culver Street, Lawrenceville, GA  30046-4805.
- Advance Group, Inc./Rapid Cash, Attn:  Officer/Legal, 6115 W. Flamingo Road, #A, Las Vegas, NV  89103.
- W.S. Badcock Corporation, Attn:  Officer/Legal, P. O. Box 497, Mulberry, FL 33860-2328.
- W. S. Badcock Corporation, c/o CT Corporation, Registered Agent, 289 S Culver Street, Lawrenceville, GA 30046.

I hereby certify that I have served a copy of the **Amended Chapter 13 Plan** on the following insured depository institutions by Certified Mail, to the officer of the institution:

- n/a

I hereby certify that I have served a copy of the **Amended Chapter 13 Plan** on the following parties and counsel electronically through the Notice of Electronic Filing (NEF) at the following addresses:

- n/a

This 11th day of February, 2020.

_____
KAREN D. TAGGART, PARALEGAL

Gastin & Hill
Attorneys at Law
Post Office Box 8012
Savannah, Georgia 31412
(912) 232-0203

Label Matrix for local noticing
113J-4
Case 19-41723-EJC
Southern District of Georgia
Savannah
Tue Feb 11 14:25:07 EST 2020

Accounts Receivable Ma
ARM Professional Services
910 W Van Buren St
STE 100 PMB 245
CHICAGO, IL 60607-3572

Advance Group, Inc.
Rapid Cash
6115 W. Flamingo Road, #A
Las Vegas NV 89103-0122

(p)CREDITORS BANKRUPTCY SERVICE
PO BOX 800849
DALLAS TX 75380-0849

Ashley Funding Services, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Atlantic Radiology Associates, LLC
P.O. Box 347226
Miami FL 33234-7226

Avista Utilities
c/o Valley Empire Collection Co.
8817 East Mission Ave. #101
Spokane WA 99212-5040

Ander T Bishop
181 Grayson Avenue
Savannah, GA 31419-8143

Megan R Bishop
181 Grayson Avenue
Savannah, GA 31419-8143

Capital One
P.O. Box 30285
Salt Lake City UT 84130-0285

(p)CARTER YOUNG INC
882 N MAIN STREET
SUITE 120
CONYERS GA 30012-4442

Christopher J. Halcrow
Attorney at Law
8985 S. Eastern Ave., #200
Las Vegas NV 89123-4852

Coast to Coast Financial/Republic Servic
P. O. Box 2086
Thousand Oaks CA 91358-2086

Comcast
P. O. Box 2127
Norcross GA 30091-2127

Convergent Outsourcing
800 SW 39th Street
Renton WA 98057-4927

Cox Communications
c/o Credit Management
6080 Tennyson Parkway, #100
Plano TX 75024-6002

Credit One Bank
P.O. Box 98873
Las Vegas NV 89193-8873

Dollar Loan Center
1351 W Sunset Road
Suite 110
Henderson, NV 89014-8608

Dollar Loan Center
c/o Clark County Collection Service
8860 W. Sunset Road, #100
Las Vegas NV 89148-4899

First Premier
P. O. Box 5529
Sioux Falls SD 57117-5529

GM Financial
P.O. Box 181145
Arlington TX 76096-1145

Georgia Emergency Phys.
6880 W. Snowville Road
Suite 210
Brecksville OH 44141-3255

HARGRAY COMMUNICATIONS HARDEEVILLE
CARTER-YOUNG, INC
882 N MAIN ST, STE 120
CONYERS, GA 30012-4442

Hargray Communication
856 William Hilton Parkway
Bldg C
Hilton Head Island SC 29928-3423

Henderson Hospital Medical Center
The Valley Health System
8801 W Sahara Avenue
Las Vegas, NV 89117-5865

Judson C. Hill
Gastin & Hill
P O Box 8012
Savannah, GA 31412-8012

Idaho Central Credit Union
c/o Action Collection Service
1325 Vista Ave.
Boise ID 83705-2533

Idaho Power
c/o Bonneville Collections
1186 E. 4600 Street, #100
Ogden UT 84403-4896

Inland Residential Real Estate
c/o ARM Professional Services
910 W Van Buren, #100
Chicago IL 60607-3572

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia PA 19101-7346

(p)JEFFERSON CAPITAL SYSTEMS LLC
PO BOX 7999
SAINT CLOUD MN 56302-7999

Kaiser Permanente
c/o Evergreen Pro Recoveries
12100 NE 195th Street, #180
Bothell WA 98011-5762

LCA Collections
P.O. Box 2240
Burlington NC 27216-2240

Lab Corp
1250 Chapel Hill Road
Burlington NC 27215-7141

Las Vegas Valley Water District
c/o Clark County Collection Service
8860 W. Sunset Road, #100
Las Vegas NV 89148-4899

Lynda Hawk
P. O. Box 2358
Savannah GA 31416

Medicomp Inc.
600 Atlantis Road
Melbourne FL 32904-2315

Memorial Health University Med Ctr
P. O. Box 23089
Savannah GA 31403-3089

Memorial Savannah
Resurgent Capital Services
PO Box 1927
Greenville, SC 29602-1927

O Byron Meredith III
P O Box 10556
Savannah, GA 31412-0756

Midland Funding LLC
2365 Northside Drive
Suite 300
San Diego CA 92108-2709

NCB Managment Services
1 Allied Drive
Trevose PA 19053-6945

NPAS, Inc.
P. O. Box 99400
Louisville KY 40269-0400

Navy Federal Credit Union
820 Follin Lane, SE
Vienna VA 22180-4907

Navy Federal Credit Union
PO Box 3000
Merrifield VA 22119-3000

Office of the U. S. Trustee
Johnson Square Business Center
2 East Bryan Street, Ste 725
Savannah, GA 31401-2638

Pembroke Advanced Communications
P.O. Box 10
Pembroke, GA 31321-0010

Performance Finance
10509 Professional Circle
Reno NV 89521-5864

Premier Bankcard, Llc
Jefferson Capital Systems LLC Assignee
Po Box 7999
Saint Cloud Mn 56302-7999

Profit Services Group
P.O. Box 61295
Savannah GA 31420-1295

Quality Acceptance LLC
14546 Hamlin Street
3rd Floor
Van Nuys CA 91411-4117

Quantum3 Group LLC as agent for
CF Medical LLC
PO Box 788
Kirkland, WA  98083-0788

Reliable Credit Association
2080 S. Eagle Road
#19
Meridian ID 83642-6707

Rivermoor West  Apartment Homes
1601 Riddick Lane
Savannah GA 31407

SFC Central Bankruptcy
PO Box 1893
Spartanburg, SC 29304-1893

Santander Consumer
Attn:  Bankruptcy Dept
P.O. Box 560284
Dallas TX 75356-0284

Southcoast Health
P.O. Box 15909
Savannah GA 31416-2609

Southwest Gas Corp.
c/o BYL Collection Services
301 Lacey Street
West Chester PA 19382-3727

SpeedyRapid Cash
PO Box 780408
Wichita, KS 67278-0408

St. Joseph's Candler ICC Rincon
P. O. Box 650
Rincon GA 31326-0650

Synchrony Bank
c/o PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

Synchrony Bank c/o PRA Receivables Managemen
PO Box 41021
Norfolk, VA 23541-1021

Transworld Systems Inc.
1105 Schrock Road
Suite 300
Columbus OH 43229-1174


U.S. Auto Credit Corporation
c/o National Registered Agents, Inc.
289 S. Culver Street
Lawrenceville GA 30046-4805

U.S. Auto Finance
6225 Smith Ave
Baltimore MD 21209-3626

U.S. Auto Sales, Inc.
Attn:  Legal/Officer
2875 University Parkway
Lawrenceville GA 30043-6752


US Department of Education
2505 S Finley Road
Lombard IL 60148-4867

United States Attorney
P.O. Box 8970
Savannah GA 31412-8970

Valley Empire Collection
8817 East Mission Avenue
Suite 101
Spokane Valley, WA 99212-5040


Verizon Wireless
P. O. Box 650051
Dallas TX 75265-0051

(p)W S BADCOCK CORPORATION
POST OFFICE BOX 724
MULBERRY FL 33860-0724

Wayfinder BK as agent for Performance Financ
PO Box 64090
Tucson, AZ 85728-4090


Webbank/Gettington
6509 Flying Cloud Drive
Eden Prairie MN 55344-3307

Woodland Trace Apartments
National Credit Systems Inc.
3750 Naturally Fresh Blvd.
Atlanta GA 30349-2964

Zoco Loans
16804 SW 137th Ave.
#1007
Miami FL 33177-2372


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Army & Air Force Exchange Service
Attn: FA-T/C
P.O. Box 650038
Dallas TX 75265-0038

(d)Army & Air Force Exchange Services
Attention GC-G
3911 S. Walton Walker Blvd.
Dallas, TX 75236

Carter Young Inc
882 N Main Street
Suite 120
Conyers GA 30012


Jefferson Capital Systems LLC
Po Box 7999
Saint Cloud Mn 56302-9617

(d)Military Star
3911 S. Walton Walker Blvd
Dallas TX 75236

W.S. Badcock Corporation
Attn:  Legal/Officer
P.O. Box 497
Mulberry FL 33860


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(d)W.S.Badcock Corporation
Post Office Box 724
Mulberry,FL 33860-0724

End of Label Matrix
Mailable recipients    74
Bypassed recipients     1
Total                  75